IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JARREL MAPP,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, N.A., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:25CV1191 |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a Complaint [Doc. #2] filed by Plaintiff Jarrel Mapp, alleging federal and state fraud claims against several banking Defendants.[1] In conjunction with the Complaint, Plaintiff also filed an Application to Proceed In Forma Pauperis [Doc. #1] and a "Motion to Appoint Counsel" [Doc. #4]. Plaintiff also filed a "Motion to Expedite Ruling on Plaintiff's Motion to Proceed In Forma Pauperis" [Doc. #6]. For the reasons set out below, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for frivolity and failure to state a claim upon which relief may be granted.

"The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I.

[1] Plaintiff names as Defendants: Citibank, N.A.; Citibank Credit Card Master Trust I; Citibank Credit Card Issuance Trust; BNY Mellon Trust of Delaware; FTI Consulting, Inc.; and Deutsche Bank Trust Company Americas.

DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (internal quotations omitted).

As to the second grounds for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands

more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[2] As part of this review, the Court may anticipate affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

In this case, Plaintiff brings nine claims against Defendants, listed as: (1) securities fraud; (2) replevin; (3) breach of fiduciary duty; (4) constructive fraud; (5) breach of contract; (6) fraudulent conveyance; (7) unjust enrichment; (8) fraudulent misrepresentation; and (9) violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act. (Compl. at 3.) Parsing through the Complaint and the attached exhibits, Plaintiff alleges the same or

[2] Although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing *pro se* complaint).

similar theories of fraud as Plaintiff alleged in another case that Plaintiff brought in this District. See Mapp v. Discover Bank, No. 1:25CV144 (M.D.N.C.). In that case, Plaintiff sued Discover Bank, alleging that he was entitled to Discover Bank's accounts receivable because Discover Bank issued him a credit card and, according to Plaintiff, he had "security interests" and "securitization rights" that flowed from receiving that credit card. See Mapp, No. 1:25CV144 (Compl., at 6–7; Addendum at 14–43). Similarly, in this case, Defendant Citibank, N.A. issued Plaintiff a credit card, and Plaintiff now alleges that he is entitled to Citibank's accounts receivable under the same "securitization" theory. (Compl. ¶¶ 15–52 [Doc. #2 at 5–11]; "Securitization Analysis Report" [Doc. #2-3].)

The Court notes that the "securitization" theory espoused by Plaintiff in this case, and in 1:25CV144, resembles arguments asserted in "sovereign citizen" cases, which the federal courts have routinely rejected as "frivolous, irrational and unintelligible." Shipman v. Bank of Am., No. 3:16-CV-772-RJC-DSC, 2017 WL 872651, at *2 (W.D.N.C. Mar. 3, 2017); Marshall v. Consumer Portfolio Services, Inc., No. 1:24-1953, 2024 WL 2984817 (D.S.C. May 8, 2024) (collecting cases); see also, e.g., Warren v. Bank of Am., N.A., 566 F. App'x 379, 383 (5th Cir. 2014) (rejecting securitization theory); Fedorova v. Bank of Am., N.A., No. 22-cv-3486, 2023 WL 2663563, at *2 (N.D. Ill. Mar. 28, 2023) ("every time [the securitization] argument has arisen across the country, it has been rejected" (quoting Willard v. Bank of Am., 204 F. Supp. 3d 829, 833, n.4 (E.D. Pa. 2016) (compiling cases))). Indeed, the decision in Plaintiff's prior case in this District has already noted that Plaintiff's theories and arguments are "delusional" and "incomprehensible." Mapp v. Discovery Bank, No. 1:25CV144, 2025

WL 1431144, at *1 (M.D.N.C. April 29, 2025), aff'd, No. 25-1533, 2026 WL 1802668 (4th Cir. June 23, 2026).

For the same reasons, the Complaint in this case should be dismissed for frivolity, because the claims asserted lack an arguable basis in either law or fact, and for failure to state a claim upon which relief may be granted. Plaintiff has failed to allege a factual basis that would support his claims, has failed to allege any fraud with particularity, and appears to be alleging the same types of delusional and incomprehensible claims that were dismissed as frivolous in Case No. 1:25CV144. Therefore, the Court recommends that the Complaint be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

In light of the Court's recommendation that the Complaint be dismissed, Plaintiff's "Motion to Appoint Counsel" will be denied, as Plaintiff has failed to set out a colorable claim and has failed to present the type of exceptional circumstances that would support a request for counsel in a civil case. In addition, the "Consent Motion to Extend Time to Answer or Otherwise Respond to Plaintiff's Complaint," filed by Defendants Citibank and BNY Mellon Trust of Delaware, is moot, since no answer or responsive pleading is required. In light of the issuance of this Recommendation, Plaintiff's "Motion to Expedite Ruling" will be denied as moot. *In forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Finally, the Court also notes Chief District Judge Eagles's warning to Plaintiff in Case No. 1:25CV144:

> Mr. Mapp is warned that if he continues to file paper writings with no basis in fact or law, he is subject to sanctions. Lawsuits like this one waste the court's

> time and resources and are an abuse of the judicial process. If the plaintiff continues to make patently ludicrous assertions in court filings, the Court has inherent authority to impose sanctions. These may include a fine or a pre-filing injunction that restricts his access to the federal courts. See 28 U.S.C. § 1651(a); Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817–18 (4th Cir. 2004); Pippen v. Slaughter, No. 19-CV-891, 2020 WL 2086136, at *5 (M.D.N.C. Apr. 30, 2020).

Mapp v. Discovery Bank, No. 1:25CV144, 2025 WL 1431144, at *1 (M.D.N.C. April 29, 2025), aff'd, No. 25-1533, 2026 WL 1802668 (4th Cir. June 23, 2026). Plaintiff was also recently admonished by District Judge Schroeder in a separate case that Plaintiff frivolously removed from state court to this Court, Case. No. 1:26CV77:

> Here, Mapp's conduct violated Rule 11. As his response admits, the removal "was wholly frivolous" and "wast[ed] judicial resources and opposing counsel's time." . . . [T]he court will admonish Mapp but not impose a monetary sanction for his Rule 11 violation. To be sure, however, should Mapp return to engaging in a frivolous filing with this court, the court will consider monetary sanctions or a pre-filing injunction.

Bank of America v. Mapp, No. 1:26CV77 (M.D.N.C. June 26, 2026). Notably, the present case was filed prior to Judge Schroeder's warnings, so the Court will not recommend further sanctions at this time, but those warnings are reiterated with respect to any future filings.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's Motion to Appoint Counsel [Doc. #4] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Expedite Ruling [Doc. #6] is DENIED AS MOOT.

IT IS FURTHER ORDERED that the "Consent Motion to Extend Time to Answer or Otherwise Respond to Plaintiff's Complaint" [Doc. #8] filed by Defendants Citibank and BNY Mellon Trust of Delaware is MOOT.

IT IS RECOMMENDED that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for frivolity and failure to state a claim upon which relief may be granted.

This, the 10th day of September, 2026.

Joi Elizabeth Peake
United States Magistrate Judge